BALL v. FARMERSVILLE NAT. BANK OF FARMERSVILLE. (No. 3544.)

Court of Civil Appeals of Texas. Texarkana. March 22, 1928.

Rehearing Denied March 29, 1928.

1. Bills and notes ⬅️501—Exclusion of proof of defendant's offer to secure plaintiff in extension of time for payment of note held not error.

In action by bank on notes, court *held* not to have erred in rejecting defendant's offer to prove by plaintiff's cashier that defendant, on day case was tried, offered to secure plaintiff in order to obtain extension of time for payment, in view of undisputed evidence that papers were not executed and that offer occurred just before case was tried.

2. Appeal and error ⬅️1039(13)—Discrepancy between amount of note alleged and proved which was result of clerical error does not warrant denial of recovery thereon by appellate court.

Where, in action on notes, discrepancy between amount of one of notes as alleged and amount as proved was doubtless result of clerical error, and even if note were for lesser amount judgment for plaintiff was not excessive, court, on appeal, will not deny recovery to plaintiff on such note.

Appeal from District Court, Collin County T. E. Wilcox, Judge.

Action by the Farmersville National Bank of Farmersville against T. E. Ball. Judgment for plaintiff, and defendant appeals. Affirmed.

L. C. Clifton, of McKinney, W. B. Jack Ball, of San Antonio, and Wallace Hughston, of McKinney, for appellant.

Smith & Abernathy, of McKinney, for appellee.

WILLSON, C. J. The suit was commenced by appellee against appellant April 14, 1927. It was to recover $8,686.47, the amount (principal, interest, and attorney's fees) of three promissory notes made by appellant, two of them payable October 1, 1926, and the other payable October 15, 1926. Appellant defended against the recovery sought on the ground that the times for the payment of the notes had been extended one year from their respective due dates, specified above, and hence the notes were not due when the suit was commenced. The trial was before the court without a jury and resulted in a judgment May 28, 1927, in appellee's favor against appellant for the amount of the notes.

Appellant insists it was error not to sustain his general demurrer to appellee's petition, but in his brief suggests no reason (and a careful reading of the petition has disclosed none to us) why the demurrer should have been sustained.

[1] There was testimony that before the suit was commenced appellee expressed a willingness to extend the time for the payment of the notes if appellant would secure same in a way specified, and that appellant failed to do so. At the trial appellant offered to prove by appellee's cashier that on the day the case was tried he offered to so secure appellee, and complains because the court refused to permit him to do so. In approving the bill of exceptions evidencing the ruling, the trial court says:

The cashier "did testify on the trial, without objection, as follows: 'It is a fact that the defendant [appellant] to-day expressed a willingness to execute the papers,' but the undisputed evidence was that the papers were not executed and that this conversation occurred just before the case was tried."

It is obvious, we think, that the complaint is without merit.

[2] After presenting the contentions stated above, appellant in effect abandons same by a request that:

This court "reverse and render the judgment [quoting from his brief] for the amount due on the note for $3,423.10 and on the note for $1,320.83."

The effect of such action by this court would be to deny appellee a recovery on the other one of the three notes, to wit, the one for $2,765.50. The theory upon which appellant thinks appellee should be denied a recovery upon that note is that it was described in appellee's petition as a note for $2,755.50. The apparent discrepancy of $10 between the amount of the note as alleged and the amount thereof as proved is doubtless the result of a clerical error which would have been corrected if appellant had called attention to it by objecting to the admission of the note when it was offered as evidence. Calculation shows that even if the note was for only $2,755.50 as alleged, the amount adjudged in appellee's favor was not excessive.

The judgment is affirmed.